## Bell v. Draving

*H. P. Abramson*, for plaintiff,
*Garfield & Levy*, for defendants.

BOK, P. J., April 30, 1956.—Defendant has filed preliminary objections to a complaint in equity which avers a confidential relationship between the parties and an overreaching by defendant and defendant's

counsel. The ground for the preliminary objections is generally that the averments of the complaint are not sufficiently specific.

We feel that the complaint could not be much more specific without pleading evidence, and that defendant's better remedy would be to ask for discovery in order to prepare his answer. One averment, for instance, is that plaintiff "was persuaded" by defendant and his counsel to enter into a series of agreements. We doubt that an averment of the actual words or even of the pattern, step by step, of the inducement is required by the rules of pleading. The present averments can be met by a flat denial, aided by discovery, if desired.

We say this with full knowledge of the seriousness of accusing a member of the bar of sharp dealing, and such averments should be proved clearly, or full discovery made if asked for. But such cases exist, and it is not scandalous or impertinent to allege one, provided there is reasonable proof.

Plaintiff has presented a motion and order for inspection of certain of defendant's records and of the partnership involved. This is premature. It is based on Pa. R. C. P. 4009(1), which undoubtedly gives the right, but the rule is expressly made subject to Pa. R. C. P. 4007(a), which provides for the taking of testimony either by depositions or by written interrogatories. The order is not asked for in order to prepare pleadings, as in Bullock v. Mastercraft Products, Inc., 84 D. & C. 117 (1953), and Penna. etc. Insurance Company v. Freeman's Dairy, 87 D. & C. 146 (1954).

Plaintiff has filed her complaint and now asks for inspection before an answer has been filed and the case is at issue. The picture may be different when the answer has been seen.

If another petition for inspection is offered at the proper time, the testimony might cover the status

and identity of the persons for whom the right of inspection is requested.

The preliminary objections are overruled and defendant is given leave to answer within 20 days.

The petition for inspection of books and records, being premature, is denied without prejudice.